# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**FERNANDO PARKER,**                                                                   **PLAINTIFF**

**V.**                 **NO. 2:07CV140-M-B**

**ALLAN SHACKELFORD,**                                        **DEFENDANT**

## OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains about his state court appointed attorney and is asking the court to award him money so that he can hire an attorney to represent him in state court where criminal charges are pending.

After carefully considering the contents of the *pro se* complaints and giving them the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.).

Other than being understandably distressed about being incarcerated, Plaintiff makes no vague or specific complaint about the conditions of confinement. It appears as though Plaintiff is attempting to have this court officiate the expeditious handling of the criminal state charges lodged against him. Plaintiff's request that his state appointed attorney be removed from his case is not within the authority of this court to grant or deny. The appointment and removal of counsel for a defendant facing state criminal charges is entirely within the discretion of state courts. For a variety

of well established cornerstone legal principles, this court will not interfere with or supervise on-going state court criminal proceedings. Therefore, Plaintiff's complaint is devoid of any arguable legal theory worthy of further consideration by this court. Rather, Plaintiff's concerns and requests should be directed to the state court where the criminal charges against him are currently pending.

A complaint is frivolous if it lacks an arguable basis in either law or fact, such as relying on an indisputably meritless legal theory. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Since Plaintiff's claims lacks a legal basis, it shall be dismissed for failure to state a claim upon which relief can be granted. Dismissal on this ground warrants the imposition of a "strike" pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Plaintiff is cautioned that if he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Therefore, this cause will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff has also earned one strike pursuant to 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 3rd day of October, 2007.

                                             **/s/ Michael P. Mills**
                                             **CHIEF JUDGE**
                                           **UNITED STATES DISTRICT COURT**
                                           **NORTHERN DISTRICT OF MISSISSIPPI**